**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1488**

---

FANCZI SCREW COMPANY,

Plaintiff - Appellant,

and

CAROLINA TOOLING CONCEPTS,

Plaintiff,

versus

ORIX FINANCIAL SERVICES, INCORPORATED,
formerly known as Orix Credit Alliance,
Incorporated,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Terry L. Wooten, District Judge.
(6:02-cv-00198-TLW)

---

Argued: January 31, 2007          Decided: February 15, 2007

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Stanley Eugene Barnett, SMITH, BUNDY, BYBEE & BARNETT,
P.C., Mount Pleasant, South Carolina, for Appellant. Samuel Walter
Hixon, III, WILLIAMS MULLEN, Richmond, Virginia, for Appellee. **ON**

**BRIEF:** William R. Mauck, Jr., Patrick R. Hanes, WILLIAM MULLEN, Richmond, Virginia, for Appellee.

--------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orix Financial Services, Inc., an equipment leasing company, breached its contract to lease an industrial device known as a whirling machine to Fanczi Screw Company. We previously held that the contract between the parties included a limitations provision that "chos[e] New York state law, and prohibit[ed] consequential and punitive damages." Fanczi Screw Co. v. Orix Fin. Servs., Inc., 114 Fed. Appx. 548, 553 (4th Cir. 2004). Our previous opinion describes the facts of the relationship between the parties and the procedural history of this litigation, so we need not repeat these here. See id. at 550-52.

On remand, the district court concluded that: (1) Fanczi's lost profits did not constitute actual damages under New York law;[*] and (2) by its plain language, a provision in the security agreement concerning the payment of attorney's fees and interest provided rights only to the "Mortgagor" (defined in the Security Agreement as Orix) and not to the "Mortgagee" (defined as Fanczi).

Upon consideration of the record, briefs, and oral argument, we affirm for reasons well stated by the district court. Fanczi

---

[*]Fanczi claims its actual damages should be measured as "the value of the very performance promised" -- that is, the value of the lease agreement. However, Fanczi has conceded that the market value of the whirling machine was no different at the time of Orix's breach than at the time of contracting, and so offered no basis before us or the district court for determining the value of the lease agreement other than lost profits.

3

Screw Co. v. Orix Fin. Servs., Inc., No. 6:02-198-TLW, slip op.
(D.S.C. July 26, 2005).

                                        AFFIRMED